**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL NO. 3:09CV422-FDW-DSC**

| | |
|---|---|
| LISA HOMAN, )<br>　　　　Plaintiff, )<br>　　　　　　　　　　　　)<br>　vs. 　　　　　　　　 )<br>　　　　　　　　　　　　)<br>MICHAEL J. ASTRUE, )<br>Commissioner of Social )<br>Security Administration, )<br>　　　　Defendant._____)<br>　　　　　　　　　　　　) | **MEMORANDUM AND RECOMMENDATION<br>OF REMAND** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #13) and "Memorandum in Support ..." (document #14), both filed March 8, 2010; and Defendant's "Motion For Summary Judgment" (document #17) and "Memorandum in Support of the Commissioner's Decision" (document #18), both filed April 8, 2010.  This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned finds that Defendant's decision to deny Plaintiff Social Security disability benefits is not supported by substantial evidence.  Accordingly, the undersigned will respectfully recommend that Plaintiff's Motion for Summary Judgment be granted; that Defendant's Motion for Summary Judgment be denied; that the Commissioner's decision be reversed, and that this matter be remanded for further proceedings consistent with this Memorandum and Recommendation.

# I. PROCEDURAL HISTORY

On October 3, 2006, Plaintiff filed an application for a period of disability, Social Security Disability Benefits ("DIB"), and Supplemental Security Income ("SSI") alleging she was unable to work as of November 1, 2005. Plaintiff's claim was denied initially and on reconsideration.

Plaintiff requested a hearing, which was held on November 19, 2008. During the hearing, Plaintiff amended her alleged onset date to September 1, 2006. On April 1, 2009, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's claim, finding that Plaintiff had not engaged in substantial gainful activity since her alleged onset date; that Plaintiff suffered from diabetes with associated neuropathy and major depression which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1; that Plaintiff could not perform her past relevant work; and that Plaintiff retained the Residual Functional Capacity ("RFC")[1] to perform sedentary unskilled work,[2] alternating sitting up to one hour and standing up to thirty minutes, in a low stress environment, performing only simple routine repetitive tasks. The ALJ then concluded that there were a significant number of sedentary, unskilled jobs in the national economy that Plaintiff could perform and that, therefore, she was not disabled. (Tr. 23.)

---

[1] The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[2] "Sedentary" work is defined in 20 C.F.R. § 404.1567(a) as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

Plaintiff filed a timely Request for Review of Hearing Decision. On July 26, 2009, the Appeals Council denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner.

Plaintiff filed this action on September 9, 2009. On appeal, Plaintiff contends among other things that the ALJ made factual errors "which demonstrate that he was not aware of and did not review a substantial portion of [Plaintiff's] mental health records." Plaintiff's "Memorandum in Support ..." at 4 (document #14). Specifically, as discussed in more detail below, the ALJ twice stated incorrectly that Plaintiff did not receive mental health treatment from August 2006 though August 2007 and once stated incorrectly that Plaintiff was not seen for mental health treatment between October 2007 and July 2008. These findings supported the ALJ's rationale in concluding that Plaintiff's subjective complaints of mental and emotional difficulties were not credible, which in turn was a basis for the ALJ's ultimate conclusion that she was not disabled. See " Plaintiff's "Memorandum in Support ..." at 4-8 (document #14). The parties' cross-motions for summary judgment are ripe for disposition.

## II. FACTUAL BACKGROUND

Relevant to the dispositive issue raised on appeal, the ALJ twice wrote that after Plaintiff moved to North Carolina from South Carolina in August 2006, she was not seen for mental health treatment until August 13, 2007, the date he concluded that Plaintiff began individual outpatient treatment. (Tr. 19-20). The ALJ also stated that Plaintiff was not seen for therapy between October 25, 2007 and July 28, 2008. (Tr. 20). To the contrary, the record shows that Plaintiff had at least 22 mental health visits during those periods.

Regarding the period between August 2006 and August 2007, Plaintiff was seen for emergency treatment at CMC Behavioral Health on August 25, 2006 . (Tr. 441-453). A psychiatrist

3

diagnosed her with a mood disorder and assessed a GAF of 50, which is classified in the DSM-IV as serious symptoms or serious impairment in social or occupational functioning. (Tr. 449). On September 25, 2006, both a psychiatrist and a licensed clinical social worker at CMC Behavioral Health assessed Plaintiff with a GAF of 50. (Tr. 435-436, 440).

In October 2006, Plaintiff was diagnosed with bipolar disorder and a GAF of 50. (Tr. 431, 434). Plaintiff began regularly attending individual outpatient therapy sessions with Pat Wolf, LCSW, and later added group therapy sessions aimed at improving her ability to cope and relate to other people.

On November 6, 2006, Plaintiff saw Ms. Wolf for therapy and Ms. Wolf noted Plaintiff had frequent post traumatic stress disorder images and always felt nervous. (Tr. 429).

On November 21, 2006, Plaintiff was assessed by a psychiatrist at CMC Behavioral Health with GAF of 62. (Tr. 425-426).

On January 16, 2007, Ms. Wolf saw Plaintiff for therapy again and noted that Plaintiff did not like to be around people, did not want to talk, and did not have a very good prognosis for benefitting from counseling. (Tr. 424).

On February 13, 2007, Ms. Wolf noted that Plaintiff was sullenly quiet. (Tr. 423). Ms. Wolf recommended that Plaintiff bring her sister to counseling and begin group therapy. Id.

On April 24, 2007, Ms, Wolf saw Plaintiff and her sister and was able to obtain a clearer picture of Plaintiff's history. (Tr. 420-422).. Based on her interview with Plaintiff's sister, Ms. Wolf concluded that Plaintiff had a long-time personality disorder based on early childhood losses. (Tr. 420).

At Ms. Wolf's suggestion, Plaintiff wrote Ms. Wolf a letter which Ms. Wolf found provided more insight into Plaintiff's state of mind than Plaintiff's verbal explanations. (Tr. 421). On May

14, 2007, Plaintiff discussed her letter with Ms. Wolf and identified feelings of failure and worthlessness as topics for therapy. (Tr. 417). Ms. Wolf recommended that Plaintiff begin keeping a journal to cope with her feelings. (Tr. 418).

On May 29, 2007, Ms. Wolf noted Plaintiff was compliant with her journal assignment and should continue it. (Tr. 416). Ms. Wolf discussed trying to improve Plaintiff's diet and exercise to help with her depression. Id.

On June 16, 2007, Ms. Wolf spent the session educating Plaintiff about personality disorders. (Tr. 415). On July 9, July 23 and August 13, 2007, Plaintiff saw Ms. Wolf for counseling sessions. (Tr. 413-414).

Concerning the period between October 25, 2007 and July 28, 2008, Plaintiff attended individual outpatient therapy sessions on November 5 and 19, 2007 . (Tr. 391-393, 396-397). Plaintiff also attended weekly group therapy during November 2007. (Tr. 391, 394, 395, 398).

### III. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact,

if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to re-weigh the evidence, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION OF CLAIM

The question before the ALJ was whether at any time Plaintiff became "disabled" as that term of art is defined for Social Security purposes.[3] Defendant contends that the ALJ's significant factual errors – in which he failed to consider 22 mental health visits – constitute harmless error.

---

[3] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:
inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

6

Indeed, Defendant invites the Court to conclude that the remainder of the record would be sufficient to support both the ALJ's determination that Plaintiff's subjective complaints lack credibility, as well as his ultimate conclusion that Plaintiff was not disabled. As discussed above, however, it is not the place of a reviewing court to reconsider the evidence. See Hays, 907 F.2d at 1456. Now that a significant portion of the ALJ's stated rationale for disregarding Plaintiff's subjective complaints has proven to be erroneous, it is not for the Court to speculate about what amount of credibility the ALJ would have given to Plaintiff's subjective complaints had he considered the entire medical record. Nor is it appropriate for the Court to further speculate whether the ALJ would have found such reasons a sufficient basis for denying Plaintiff's claim.

The ALJ's conclusions regarding Plaintiff's mental health treatment are not supported by substantial evidence. Moreover, having failed to more fully consider Plaintiff's mental and emotional condition and her subjective complaints, the ALJ's decision that Plaintiff could perform work consistent with the RFC described above is not supported by substantial evidence. At the next hearing, among any other issues that require further development, the ALJ should more fully address the medical record, including the records of Plaintiff's mental health treatment, and then state what weight he assigns to those records.

## V. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion For Summary Judgment" (document #13) be **GRANTED**; that Defendant's "Motion for Summary Judgment" (document #17) be **DENIED**; that the Commissioner's decision be **REVERSED**; and this matter be **REMANDED** for a new hearing pursuant to Sentence Four of

42 U.S.C. § 405(g).[4]

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation of Remand to counsel for the parties; and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED.**

Signed: April 13, 2010

David S. Cayer
United States Magistrate Judge

---

[4] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision ... with or without remanding the cause for a rehearing." Sullivan v. Finkelstein, 496 U.S. 617, 625 (1990).